

**SO ORDERED.**

**SIGNED July 18, 2019.**

_____
**STEPHEN D. WHEELIS**
**UNITED STATES BANKRUPTCY JUDGE**
_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: LOUISIANA SAFETY ASSOCIATION OF TIMBERMAN -SELF INSURED FUND | CASE NO.  15-81004 |
| KARL DEAN PENTECOST | ADVERSARY NO. 19-8008 |
| VERSUS | |
| LOUISIANA SAFETY ASSOCIATION OF TIMBERMEN SELF-INSURERS FUND | USDC CASE NO.:  3:18-cv-1610 |

### REPORT AND RECOMMENDATION BY THE UNITED STATES BANKRUPTCY COURT TO THE UNITED STATES DISTRICT COURT

On December 12, 2018, Plaintiff, Karl Pentecost, filed a Complaint against Chapter 7 Debtor, Louisiana Safety Association of Timbermen Self-Insurers Fund in the United States District Court (Case No. 3:18-cv-01610-TAD-KLH), seeking a Judgment declaring the Judgment of the Louisiana Second Circuit Court of Appeal against Pentecost totaling $669,560.44 to have been rendered in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and that said Judgment is null and void.  The substance of the Complaint is that the Louisiana Second Circuit Court of Appeal rendered its judgment in favor of the Debtor without affording Plaintiff an opportunity to present his defense during the trial at the state district court level.  Plaintiff sought relief from the state appellate court and the Louisiana Second Circuit Court of Appeal denied Plaintiff's motion for re-hearing.  On September 14, 2018, the Louisiana Supreme Court denied Plaintiff's writ of certiorari, which asserted the

same due process grounds for relief as alleged in this Complaint. (Statement of Uncontested Facts, ¶27, ¶28, Adv. Pro. No. 19-8008, ECF No. 11-2.)

On May 1, 2019, Plaintiff filed a Motion for Temporary Restraining Order, Preliminary Injunction and a Hearing thereon, seeking to restrain the Defendant from executing on the judgment, but that same day, the District Court referred the Complaint to the U.S. Bankruptcy Court pursuant to 28 U.S.C. §157 and the Western District Standing Order 1.32, since the judgment at issue is an asset of the LSAT bankruptcy estate. The Motion for Temporary Restraining Order and Preliminary Injunction was subsequently withdrawn. At the request of the Bankruptcy Court, the parties submitted briefs on the issue of this Court's jurisdiction. (Adv. Pro. No. 19-8008, ECF Nos. 41,46.) On the evening of July 15, 2019, Plaintiff filed a new Motion for Temporary Restraining Order, alleging the Defendant's steps to collect on the judgment at issue via garnishment will result in irreparable harm to the Plaintiff. While Defendant consented to the entry of final orders and decrees by this Court, Plaintiff did not so consent. (Adv. Pro. No. 19-8008, ECF Nos. 31, 34). Accordingly, this Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §157(c)(1) and applicable jurisprudence.[1]

## LAW AND ANALYSIS

The Plaintiff alleges cause for the Complaint exists under the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, thereby implying the United States District Court has federal question jurisdiction over the Complaint under 28 U.S.C §1331. (Case No. 3:18-cv-01610-TAD-KLH, ECF No 1.) However, the subject of the Complaint, the final state court judgment, is an asset of the Defendant's bankruptcy estate. The district courts exercise original, but not exclusive, jurisdiction over "all civil proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. §1334(b). The jurisdiction of the bankruptcy court is limited and depends on the existing reference of the District Court's jurisdiction under §1334 and the underlying cause of action being one arising in or related to the bankruptcy case. 28 U.S.C. §1334(b). *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987)). Under the statutory scheme, the district courts are permitted to refer matters to the bankruptcy courts within their districts. *See* 28 U.S.C. §157(a) ("Each district court may provide that any or all cases under title 11 and

---

[1] *Wellness Int'l Network, Ltd. v. Sharif*, —— U.S. ——, 135 S.Ct. 1932, 191 L.Ed.2d 911 (2015)(Bankruptcy court may enter a final judgment in a proceeding over which it has statutory authority but lacks constitutional authority with the parties' knowing and voluntary consent.); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 28, 134 S. Ct. 2165, 2168, 189 L. Ed. 2d 83 (2014)(citing *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011)("[W]hen, under *Stern 's* reasoning, the Constitution does not permit a bankruptcy court to enter final judgment on a bankruptcy-related claim, the relevant statute nevertheless permits a bankruptcy court to issue proposed findings of fact and conclusions of law to be reviewed de novo by the district court)).

any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").

"Once federal jurisdiction exists in the district court under §1334(b), which is construed broadly, the extent to which a bankruptcy court may adjudicate a referred matter depends on whether the proceeding is considered to be 'core' or 'non-core.' 'Core' proceedings are those that 'arise under' Title 11 insofar as they involve a cause of action created by a statutory provision therein, and those that 'arise in' cases under Title 11, which by their nature can only arise in bankruptcy cases; the district court may refer such core matters to the bankruptcy court for full adjudication. For matters that "relate to" bankruptcy cases, however, the bankruptcy court may only issue proposed findings and conclusions to the district court." *In re Wilborn,* 609 F.3d 748, 752 (5th Cir. 2010) (citing *In re Majestic Energy Corp.*, 835 F.2d 87,90 (5th Cir. 1988), *In re Wood*, 825 F.2d at 97; 28 U.S.C. § 157(b), *and In re Southmark Corp.*, 163 F.3d 925, 930 & n. 8 (5th Cir.1999)). "[F]ederal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the 'proceeding could conceivably affect the estate being administered in bankruptcy.'" *Lone Star Fund V,* 594 F.3d at 386 (quoting *In re TXNB Internal Case,* 483 F.3d 292, 298 (5th Cir.2007)). "'Related to' jurisdiction includes any litigation where the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate.'" *In re KSRP, Ltd.*, 809 F.3d 263, 266 (5th Cir. 2015).

This Complaint and the related Motion for Temporary Restraining Order impact the Chapter 7 Trustee's administration of a substantial asset of the bankruptcy estate. Recovery and administration of estate assets are core case proceedings.[2] The United States District Court properly referred the Complaint

---

[2] 28 U.S.C. §157(b)(2)(A) and (O). This litigation could be construed as "affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor . . . relationship" under 28 U.S.C. §157(b)(2)(O), which would designate it a core proceeding. However, *Stern v. Marshall*, 564 U.S. 462 (2011), constitutionally invalidated the statute's "core" designation of a proceeding over which the bankruptcy court had "related to" jurisdiction and not "arising under or arising in" jurisdiction. *In re CHC Group, Ltd.*, 2017 WL 1380514 *4 (N.D.Tex. 2017) (citing *Faulkner v. Eagle View Capital Mgt. (In re The Heritage Org., L.L.C.),* 454 B.R. 353, 360 (Bankr. N.D.Tex. 2011)). "[T]he Supreme Court held that a bankruptcy court 'lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.'" *In re Bird*, 565 B.R. 382, 393 (Bankr. S.D. Tex. 2017)(quoting *Stern v. Marshall*, 564 U.S. 462, at 503, 131 S.Ct. 2594.). The court in *In re Bird* reasoned that Stern was limited to a cause of action fitting under §157(b)(2)(C) only, and not to one under §157(b)(2)(A), matters concerning administration of the estate, and §157(b)(2)(O). However, because the cause of action asserted in this Complaint is one arising under non-bankruptcy federal law alone, over which the bankruptcy court has statutorily conferred "related to" jurisdiction, but not Constitutional authority, it should be designated a non-core proceeding subject to 28 U.S.C. §157(c), which means this Court would make findings of fact and conclusions of law to the district court in a Report and Recommendation, unless the parties consent this court's entry of final judgment. *Wellness Int'l Network, Ltd.*, 135 S.Ct. 1932. As noted above, the Plaintiff expressly did not consent to this Court's entry of a final order. (Adv. Pro. No. 19-8008, ECF No. 34).

to this Court, and pursuant to 28 U.S.C. §1334 this Court may exercise its "related to" jurisdiction by virtue of the reference by the District Court.

However, the Bankruptcy Court, in its exercise of "related to" jurisdiction, must also independently examine subject matter jurisdiction over the Complaint and relief requested. The sum and substance of the Complaint, in thirty-five paragraphs, is a request to set aside a valid, final, non-appealable state court judgment. The prayer of the Complaint reads in part

**"…that there be judgment rendered herein in favor of Petitioner, Karl Pentecost and against Defendant, Louisiana Safety Association of Timberman – self insurers fund, that does order, adjudge and declare that the judgment issued by the Louisiana Court of Appeal, Second Circuit, against Petitioner, Karl Pentecost,…to have been rendered in violation of the due process clause of the Fifth Amendment and Fourteenth Amendment of the Constitution of the United States of America, and that said judgment is null and void and without effect as to the person and property of Petitioner, Karl Pentecost."**

(Complaint, Adv. Pro. No. 19-8008, ECF No. 2-1, at pg. 8-9)(emphasis supplied).

While the judgment itself is an asset of the bankruptcy estate and is to be administered by the Chapter 7 Trustee, the litigation giving rise to the final judgment – the asset – occurred entirely under the jurisdiction of the district and appellate courts of Louisiana. The Louisiana Supreme Court declined to review the judgment entered by the Louisiana Second Circuit Court of Appeal.

The *Rooker-Feldman* doctrine bars federal courts from "exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). "'Reduced to its essence, the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments.' *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (quotation marks and citation omitted). The doctrine "is confined to cases ... brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517. Although the doctrine 'usually applies only when a plaintiff explicitly attacks the validity of a state court's judgment, ... it can also apply if the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision.' *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390–91 (5th Cir. 2012) (quotation marks and citation omitted).'" *Morris v. Wells Fargo Bank*, 677 F. App'x 955, 957 (5th Cir. 2017).

The *Rooker–Feldman* doctrine has four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. *Exxon*, 544 U.S. at 284. The Complaint before the Court fits squarely within the four elements of the *Rooker-Feldman* doctrine, which "bars only 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015). This doctrine applies even when the Complaint is styled to invoke a Constitutional claim. While *Rooker–Feldman* "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached,'" it "generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment. Nonetheless, a party cannot escape Rooker–Feldman by "casting ... a complaint in the form of a civil rights action." *Id.* (quoting *Exxon*, 544 U.S. at 293 and *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir.1994)). That is precisely what Plaintiff has done here, couching this attack on the fully appealed and final ruling of the State Court as a due process violation under 28 U.S.C. 1983, while, in substance, it is simply a losing party seeking appellate review by the Federal Court of the State Judgment. *See Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir.2011) (per curiam).

## CONCLUSION

Pursuant to 28 U.S.C. 157(c)(1), it is the Recommendation of the Bankruptcy Court that the United States District Court dismiss the Complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine as the Complaint seeks review and avoidance of a final state court judgment. The Clerk of the Bankruptcy Court is DIRECTED to transmit a copy of this Report and Recommendation to the United States District Court in Case No. 3:18-cv-01610-TAD-KLH. The Bankruptcy Court shall retain jurisdiction over any issues regarding the automatic stay under 11 U.S.C. §362(a) as alleged by Defendant (Adv. Pro. No. 19-8008, ECF No. 2-1 p.3) after further hearing thereon in the main case.

# # #